## PUTNAM NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30374. Promulgated June 13, 1930.

*Thomas B. Dowda, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

OPINION.

ARUNDELL: The petitioner contends that the bonds were not ascertained to be partially worthless in 1921, when 60 per cent of their face amount was charged off, pursuant to instruction given by the chief national bank examiner, and consequently no allowable deduction accrued to it in that year either as a loss sustained or on account of a debt becoming worthless, and the sum recovered in 1925 does not therefore constitute taxable income.

The first question arising in one's mind in considering a question of this character is whether the charge-off was for a loss sustained or a worthless debt. Nothing appears to show the basis for the deduction claimed by petitioner in its return for 1921, but in his opening statement at the hearing respondent's counsel said the amount was charged off as a bad debt and the parties are in agreement that the claimed deduction was allowed as a worthless debt. Bonds of an undisclosed character were substituted for the notes.

Nothing was offered to establish whether or not the bonds were accepted by petitioner in complete settlement and satisfaction of the original indebtedness, and we can not from the record find the fact. So far as the facts show, the notes were merely exchanged for the bonds and it was not intended that the transaction should in any way alter the original debtor and creditor relationship. The evidence warrants us, we believe, in approaching the case solely on the issue of the taxability of an amount recovered which was previously charged off as a bad debt and as such allowed by respondent.

Nothing was offered to show whether or not petitioner was warranted in making the charge-off. The stipulated facts do not cover the matter of partial worthlessness in 1921. That sums were collected in subsequent years does not, in and of itself, prove that part of the principal amount of the bonds was improperly charged off in 1921. Nor does the fact that petitioner was induced to make the charge-off by reason of the insistence of a national bank examiner

serve to establish one way or another the question we are called upon to decide. The facts as stipulated fall far short of establishing that the charge-off as made in 1921 was improper.

The respondent's action in taxing petitioner on $18,000, the amount recovered in 1925, is sustained. *Carr* v. *Commissioner*, 28 Fed. (2d) 551; affirming 6 B. T. A. 541; *Excelsior Printing Co.*, 16 B. T. A. 886; *Iberville Wholesale Grocery Co., Ltd.*, 17 B. T. A. 235.

*Decision will be entered for the respondent.*